UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORAY ERGUR, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>THE SPITZER BUILDING COMPANY, et al.,<br><br>                    Defendants. | Case No.  13-cv-05136-WHO<br><br>**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 3 |

On November 4, 2013, plaintiffs Koray Ergur, Ergur Private Equity Group, LLC, and Ergur Holdings, LLC, moved that the Court issue a temporary restraining order to prevent defendants Louisville Title Company, Lucas County Treasurer,[1] Port Lawrence Title and Trust Company, The Spitzer Building Company ("SBC"), Signature Associates, Inc., Sabrina Crabtree, Richard Ellis, John Spitzer, Patrice Spitzer, and Bill Thomas from proceeding with a sheriff's foreclosure sale on November 7, 2013.  Dkt. No. 3 ("Br.").  Defendants have not responded.  But for the reasons below, the motion is DENIED.

## BACKGROUND

The plaintiffs allege that "the defendants"—in particular, Patrice Spitzer—grossly mismanaged the Spitzer Building, a commercial property located at 520 Madison Avenue, Toledo, Ohio.  By failing to comply with municipal codes and not paying expenses, such as taxes and property insurance, the defendants allegedly "intentionally caused the departure of all the tenants beginning December 1, 2013," and their actions led to its foreclosure.  Br. 3.  The plaintiffs also

---

[1] Although the Lucas County Treasurer is listed as a defendant in the Complaint's caption, it is not identified as such in several relevant parts of the Complaint's body.

claim that the defendants misappropriated funds. Br. 4.

The Complaint contains the following causes of action: (1) breach of fiduciary duty against all defendants; (2) breach of contract against SBC and Signature Associates; (3) breach of implied contract against all defendants except the Port Lawrence Title and Trust Company and Louisville Title Company; (4) breach of the covenant of good faith and fair dealing against all defendants; (5) unfair business practice against all defendants; (6) fraud against all defendants and all agents of SBC; (7) intentional interference with contractual relationship against all defendants except the Port Lawrence Title and Trust Company and Louisville Title Company; (8) accounting against SBC and Lucas County Treasurer; and (9) request for temporary and permanent injunction against SBC, Signature Associates, Patrice Spitzer, Lucas County Treasurer, and Lucas County Sheriffs[2]. Dkt. No. 1.

### DISCUSSION

The analysis for granting a temporary restraining order is "substantially identical" to that for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Alternatively, if the moving party can demonstrate the requisite likelihood of irreparable harm, and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor." *Graham v. Am. Home Mortg.*, C 13-03322 RS, 2013 WL 3989676 (N.D. Cal. Aug. 2, 2013) (citing *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).

Here, the plaintiffs do not show a likelihood of success on the merits. Under the local action doctrine, a case "involving real property can only be brought within the territorial

---

[2] Although the Lucas County Sheriffs are listed as defendants in this "cause of action," they are not identified as such in the Complaint's caption and several relevant parts of the Complaint's body.

1    boundaries of the state where the land is located." *Julio v. Wells Fargo Bank*, No. 11-cv-696,

2    2011 WL 11048327, at *2 (N.D. Cal. July 21, 2011) (citations omitted).  As the Ninth Circuit has

3    stated, "The federal district courts' jurisdiction over actions concerning real property is generally

4    coterminous with the states' political boundaries." *United States v. Byrne*, 291 F.3d 1056, 1060

5    (9th Cir. 2002).  This case involves real property in Ohio, not California, and the Complaint does

6    not reflect that any of the defendants have any connection to California.  Compl. ¶¶ 9-16.  The

7    plaintiffs provide no reason why this Court is the appropriate venue to hear this case, or whether it

8    can hear this case at all.

9         The plaintiffs also do not show that they are "likely to suffer irreparable harm in the

10    absence of preliminary relief."  *Winter*, 555 U.S. at 20.  As the motion states, "the plaintiff's [sic]

11    injury [is] the loss of the asset that is the subject of the [Complaint,] . . . a piece of real property

12    owned by plaintiffs."  Br. 5.  The harm here is primarily monetary.  As the Supreme Court

13    explained, "Mere injuries, however substantial, in terms of money . . . are not enough" to warrant

14    injunctive relief.  *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (citation omitted).  Such is the case

15    here.

16         Nor do the plaintiffs show that the balance of equities tips in their favor and that an

17    injunction is in the public interest.  This case appears to arise from proceedings pending in the

18    Lucas County Court of Common Pleas.  *The Spitzer Building Co., et al. v. Koray, et al.*, Dkt. No.

19    CI- 0201101367.  That case began in January 2011.  On December 4, 2012, the court entered a

20    judgment of foreclosure on the Spitzer Building and later ordered it sold by sheriff's sale, though

21    the sale was apparently delayed several times.  Although the docket is a bit unclear, plaintiff Ergur

22    appears to have moved on October 18, 2013, for relief from the judgment of foreclosure and for a

23    stay of the sheriff's sale.  The motion is pending.  By requesting a temporary restraining order, the

24    plaintiffs are essentially asking the Court to intrude into a pending state court action, but have

25    provided insufficient grounds for such drastic action.  The plaintiffs have an opportunity to litigate

26    this matter in that court—the more appropriate forum—and may yet receive relief from it.  There

27    is no public interest or equitable ground for the Court to step into this situation.

28

**CONCLUSION**

For all these reasons, the Court concludes that a temporary restraining order should not issue and the motion is DENIED.[3]

**IT IS SO ORDERED.**

Dated: November 5, 2013



_____
WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

---

[3] Although the Motion states that it is one for a temporary restraining order, the two supporting affidavits state that they are also in support of a motion for preliminary injunction.  Dkt. Nos. 4 & 5.  To the extent that the plaintiffs intend for their Motion to be one for a preliminary injunction as well, that motion is also DENIED for the same reasons above.